# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
### CENTRAL DIVISION

PABLO GOMEZ,        )
             )
    Plaintiff,      )
             )
  vs.         )  Case No. 2:25-cv-04156-SRB
             )
             )
EARL D. SCOTT et al.,     )
             )
    Defendants.    )

## <u>ORDER</u>

Plaintiff Pablo Gomez, who currently is confined at the Jefferson City Correctional Center in Jefferson City, Missouri, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983, seeking relief for certain claimed violations of his federally protected rights. Currently pending before this Court are Defendant Scott's motion to dismiss (Doc. 40); Defendant Centurion's motion to dismiss (Doc. 53); Plaintiff's motion to amend his complaint (Doc. 68); and Defendants' suggestions in opposition thereto (Doc. 69). For the reasons set forth below, Plaintiff's motion to amend his complaint is GRANTED in part, paragraphs 76 and 77 of Plaintiff's amended complaint are STRICKEN, and Defendants' motions to dismiss are DENIED as moot.

### I. Standard

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may seek dismissal of an action based on its "failure to state a claim upon which relief can be granted." When considering a defendant's motion to dismiss, the Court must liberally construe the complaint in favor of the plaintiff, accepting material allegations of fact in the complaint as true, unless those allegations are "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In order "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Id*. at 679 (quoting *Bell Atlantic*, 550 U.S. at 570). A claim is plausible when the facts asserted by the plaintiff "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Bell Atlantic*, 550 U.S. at 556). Courts must liberally construe complaints filed by *pro se* plaintiffs. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). However, the *pro se* plaintiff must still "allege sufficient facts to support the claims advanced," and the Court will not "supply additional facts, nor . . . construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Id*. (internal quotation marks and citations omitted).

## II. Background

In his proposed amended complaint, Plaintiff brings suit against Doctor Earl Scott and Centurion of Missouri, LLC. Doc. 68-1 at 12-13. The amended complaint alleges the following. Plaintiff underwent a pancreatic biopsy at an outside hospital on June 28, 2024. *Id.* at 15. After returning to JCCC later that day, Plaintiff could not urinate and sought medical attention. *Id.* The nurses attempted to insert a catheter, but it could not be completely inserted because of Plaintiff's swollen prostate. *Id.* Plaintiff was sent back to his housing unit with instructions to urinate and was warned that, if he did not urinate within six or seven hours, he would be in extreme pain. *Id.*

Several hours later, after not being able to urinate, Plaintiff declared a medical emergency. *Id.* After unsuccessfully attempting to place a catheter in Plaintiff, the nurses determined that Plaintiff should be kept in the medical unit until a doctor could see him the following Monday. *Id.* On June 29, 2024, Plaintiff pushed the "panic button" due to his excruciating pain. *Id.* at 16. Plaintiff's abdomen had swollen to the size of a softball. *Id.* Plaintiff received no treatment that day and was only told to continue drinking fluids. *Id.* Plaintiff continued receiving no treatment on June 30, 2024, despite his abdomen growing to the size of a cantaloupe. *Id.* On July 1, 2024, Defendant Scott performed a medical examination and determined that Plaintiff had approximately 3,000 milliliters of urine in his bladder. *Id.* Defendant Scott gave Plaintiff antibiotic pills and instructed Plaintiff to continue to drink plenty of fluids. *Id.* Defendant Scott gave no further medical treatment to Plaintiff on July 1, 2024. *Id.*

On July 2, 2024, while Plaintiff remained in extreme pain, Defendant Scott evaluated him. *Id.* at 17. Defendant Scott first attempted to insert a catheter once again. *Id.* Plaintiff pleaded with Defendant Scott to be sent to an outside hospital to resolve his medical condition. *Id.* Defendant Scott then allowed Plaintiff to be sent to an outside hospital. *Id.* At the hospital, Plaintiff had over 4,000 milliliters of urine and large blood clots in his bladder. *Id.*

The nurses' and Defendant Scott's decision not to send Plaintiff to an outside hospital earlier was due to Defendant Centurion's policy. *Id.* at 20. Defendant Centurion's policy requires medical staff to delay or deny outside care to inmates in order to save costs. *Id.*

## III. Discussion

Defendants have filed motions to dismiss Plaintiff's complaint. Docs. 40, 53. Plaintiff has sought leave to amend his complaint to clarify his claims against Defendant Centurion. Doc. 68. In response, Defendants contend that Plaintiff's motion should be denied because of his delay, his failure to show good cause, and the amended complaint's failure to remedy the issues raised in the motions to dismiss. Doc. 69. This Court finds that Plaintiff has shown good cause and Plaintiff's amendment is not futile.

First, this Court addresses Defendants' argument that Plaintiff's amended complaint is futile. Generally, a district court may deny leave to amend based on futility. *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.,* 406 F.3d 1052, 1065 (8th Cir. 2005). Defendants contend Plaintiff's motion to amend should be denied because the temporary delay in sending Plaintiff to an outside hospital is insufficient to show deliberate indifference and there are insufficient allegations to support that a policy or procedure exists to hold Defendant Centurion liable. Docs. 41, 54, 69.

Failure to treat an inmate suffering from extreme pain can constitute deliberate indifference. *See Dadd v. Anoka Cnty.,* 827 F.3d 748, 755 (8th Cir. 2016) (finding a nurse failing to provide an inmate with a pain reliever constituted deliberate indifference to a serious medical need); *see also Moore v. Jackson*, 123 F.3d 1082, 1085-89 (8th Cir. 1997) (holding that a deliberate indifference claim survived summary judgment where defendants ignored intense and severe dental pain). Moreover, deliberate indifference may be found if a prison doctor does not exercise his professional judgment in making a medical care decision. *See Cannon v. Dehner*, 112 F.4th 580, 591 (8th Cir. 2024) ("delaying medical treatment for 'nonmedical reasons' may amount to deliberate indifference") (quoting *Hartsfield v. Colburn*, 371 F.3d 454, 457 (8th Cir. 2004)).

Taking Plaintiff's allegations as true, Plaintiff alleges more than a mere one-day delay in obtaining treatment. Over the course of three days, Plaintiff was in extreme pain and medical staff continued to try ineffective treatments. When Defendant Scott arrived on Monday to examine Plaintiff, he knew Plaintiff was in the medical unit all weekend, yet he continued the same unsuccessful treatment and told Plaintiff there was nothing he could do for his pain. These decisions were not made based on medical judgment, but Defendant Centurion's alleged policy of not allowing inmates to see outside providers to save costs. Thus, at this stage of the proceedings, Plaintiff's amended complaint is not futile.

Next, this Court turns to whether Plaintiff's request to file a late amended complaint is supported by good cause. When a party seeks to amend pleadings after the deadline in the scheduling order has passed, that party must meet Federal Rule of Civil Procedure 16(b)'s good cause standard. *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008). "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006); *see also* Fed. R. Civ. P. 16(b), advisory committee note (1983 Amendment). If diligence has been shown, prejudice or other factors may be considered. *Sherman*, 532 F.3d at 717.

Here, Plaintiff must meet the good cause standard because the deadline to file amended pleadings expired on May 23, 2026. *See* Doc. 65. The procedural history relevant to Plaintiff's motion is as follows. Plaintiff filed a proposed amended complaint on May 15, 2026, which was returned because parts were illegible. Doc. 56. Plaintiff has sought several timely extensions. *See* Docs. 48, 51, 62, 65. Plaintiff promptly filed his motion to amend after his motion for an extension was denied. Docs. 66, 67, 68.

3

On this record, this Court finds good cause exists to allow Plaintiff to amend his complaint. Defendants also will not be prejudiced by granting Plaintiff's motion to amend. Plaintiff promptly filed his motion to amend after his motion for an extension was denied and Plaintiff only seeks to clarify claims, not add new claims or Defendants.

However, this Court agrees with Defendants that Plaintiff does add new factual allegations that do not concern the care he received during June and July of 2024. Plaintiff also alleges two more recent allegations regarding Defendant Scott failing to provide Plaintiff medical care. As previously explained by this Court, if Plaintiff seeks to raise claims that occurred after those raised in this case, he must exhaust all available administrative remedies for those claims and file a new lawsuit. Doc. 63. Accordingly, Plaintiff's motion to amend his complaint is granted and paragraphs 76 and 77 are stricken.

Plaintiff is cautioned that continued requests for extensions due to ordinary circumstances relating to Plaintiff's incarceration or Plaintiff's inability to obtain a new ink ribbon may not be granted. If Plaintiff is unable to draft legible typewritten documents, he may use a pen and submit handwritten documents to this Court, ensuring that handwriting is clearly legible.

As Plaintiff's motion to amend has been granted, Defendants' motions to dismiss are denied as moot. A motion to amend a complaint may moot a pending motion to dismiss. *See Pure Country, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952, 956 (8th Cir. 2002) ("[Plaintiff's] motion to amend the complaint rendered moot [Defendant's] motion to dismiss the original complaint").

**IV. Conclusion**

Accordingly, it is ORDERED that:

(1)     Plaintiff's motion to amend (Doc. 68) is GRANTED in part;

(2)     paragraphs 76 and 77 are stricken for the reasons set forth above;

(3)     the Clerk of the Court is DIRECTED to file Plaintiff's amended complaint (Doc. 68-1) as a standalone document; and

(4)     Defendants' motions to dismiss (Docs. 40, 53) are DENIED as moot.

It is **SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH, JUDGE
UNITED STATES DISTRICT COURT

Dated: July 6, 2026.

4